## SUPREME COURT.

NICHOLAS G. VAN ALSTYNE, appellant agt. THE PRESIDENT, &c., OF THE INDIANAPOLIS, PITTSBURGH AND CLEVELAND RAILROAD COMPANY, respondents.

Where there is conflicting testimony on a question of *fact* e. g. the rescinding of an agreement by consent between the parties, and is passed upon and decided by the *referee* who tried the cause, it is *conclusive on appeal.*

Where an action was brought upon an agreement to recover two months wages, and judgment *by default* was entered in favor of the plaintiff against the defendants, *held,* that in a second action upon said agreement to recover wages for two other months, the defendants were not *estopped* from showing that the agreement was *vacated* by mutual consent before the judgment by default was obtained.

*New York General Term, May,* 1861.

CLERKE, SUTHERLAND and ALLEN, *Justices.*

THE complaint alleges that the parties made an agreement whereby the plaintiff was to work for the defendants for a year, commencing January 1st, 1857, and the defendants were to pay the plaintiff $75 for each and every month

therefor; that the plaintiff had performed his part of the contract, and had tendered his services for the months of November and December, 1857, which the defendants rejected; and that there is $150 due him from the defendants.

The answer denies that the plaintiff worked for the defendants during said months of November and December, and puts in issue the alleged tender by the plaintiff of his services for the two months. The answer also sets up as a defence, that on the 15th of April, 1857, both parties entered into an agreement with each other, whereby the said agreement, for a year, was terminated and the employment of the defendant ceased.

The action was referred to the Hon. William Mitchell, and tried before him.

The referee found that the plaintiff was employed by the defendants for a year, commencing the 1st of January, 1857, at $75 a month, payable monthly; that he continued in their employment until the 15th of April, 1857, when he was paid in full to that day, and was, at his own request and with the consent of the defendants, discharged from their employment, and went into the employment of another company, in whose employment he continued until September 1st, 1857; that on the last mentioned day he tendered his services to the defendants, and tendered the same almost daily from that time to the end of the year 1857.

The referee also found, as matter of fact, that the plaintiff sued the defendants in November, 1857, on a complaint similar to the complaint in this action, for two months' wages, viz., for September and October, 1857; that the defendants putting in no answer, judgment was taken against them by default, and the amount of the judgment levied on execution.

The referee found, as matter of law, that the defendants were not estopped from showing in this action that the agreement for a year was vacated by mutual consent; that

under the facts proved in this case, it was so vacated, and that the defendants were entitled to judgment.

H. Sacia, *for the appellant.*

L. Fairbanks, Jr., *for the respondents.*

By the court, Sutherland, Justice. There was conflicting testimony on the question of fact, whether the agreement for a year was vacated by mutual consent.

The referee found that it was, and that finding cannot be questioned on this appeal.

The other question is, were the defendants estopped by the record of the recovery against them in the former action which was introduced in evidence on the trial, from showing in this action that the agreement for a year had been so vacated ?

The referee held, as matter of law, that they were not. This was clearly right.

This action was not brought for the same cause as the former one. The alleged cause of action in this action was the non-payment of the stipulated wages for the months of November and December; in the former action, the non-payment of the stipulated wages for the months of September and October. The causes of action in both suits were founded upon the same agreement, but were not the same.

The defendants did not appear or answer in the former action, and, of course, did not set up the matter as to the agreement having been vacated by mutual consent in that action, by way of defence, and that matter could not have been tried or passed upon in that action.

Had the defendants appeared on the former action and put in a general denial, without setting up the matter as to the agreement having been vacated by mutual consent by way of defence, it would not have been necessary for the plaintiff to prove that the agreement had not been rescinded or vacated, in order to recover in that action—it

would not have been necessary for the plaintiff to go out of his case and prove a negative.

The allegation in the complaint in the former action, that the defendants had refused to pay the plaintiff for the months of September and October, or had rejected his services when tendered "without any legal excuse," does not affect the question. Surely it would not have been necessary for the plaintiff to show whether the defendants had any excuse, or to raise the question whether they had any excuse.

The counsel for the plaintiff substantially takes the position that because the defendants chose, voluntarily, and without being under any legal obligation to do so, to pay the plaintiff for the months of September and October, that therefore they are bound to pay him for November and December, although they now insist upon their legal rights.

In my opinion, the cases cited by the counsel for the plaintiff have no application to the point in question, and the judgment should be affirmed with costs.